IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SEAN GLASS,                                    3:15-CV-00535-BR

          Plaintiff,                           OPINION AND ORDER

v.

CAROLYN W. COLVIN,
Commissioner, Social Security
Administration,

          Defendant.


**GEORGE J. WALL**
1336 E. Burnside
Suite 130
Portland, OR 97214
(503) 236-0068

          Attorney for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**JANICE E. HEBERT**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003


1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**MARTHA A. BODEN**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-3710

      Attorneys for Defendant


**BROWN, Judge.**

      Plaintiff Sean Glass seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

      For the reasons that follow, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.


### ADMINISTRATIVE HISTORY

      Plaintiff filed an application for SSI on May 31, 2011, and alleged a disability onset date of November 26, 1980. Tr. 127.[1] His application was denied initially and on reconsideration. An

---

     [1] Citations to the official transcript of record filed by the Commissioner on September 10, 2015, are referred to as "Tr."

Administrative Law Judge (ALJ) held a hearing on October 24, 2013. Tr. 35-48. At the hearing Plaintiff and a vocational expert (VE) testified. Plaintiff was represented by an attorney.

On December 6, 2013, the ALJ issued an opinion in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 12-34. On January 31, 2015, that decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. Tr. 1-4. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

## BACKGROUND

Plaintiff was born on November 26, 1980, and was 32 years old at the time of the hearing. Tr. 49. Plaintiff has a college degree. Tr. 21. Plaintiff does not have any past relevant work experience. Tr. 28.

Plaintiff alleges disability due to "brain injury due to hypothermia," severe memory loss, poor memory, Attention Deficit Disorder (ADD), Obsessive Compulsive Disorder (OCD), "double depression," major depression, suicidal ideation, "severe post-traumatic stress disorder" (PTSD), anxiety disorder, scoliosis, chronic pain, a learning disorder in math, severe insomnia, "victim of rape - now has fear of people," "hyperawareness," paranoia, poor vision in his left eye, and an "inability to remember new information." Tr. 50-51.

3 - OPINION AND ORDER

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 21-25.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.,* 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "relevant evidence that a reasonable mind might accept as

adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11
(quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690
(9th Cir. 2009)).  It is more than a mere scintilla [of evidence]
but less than a preponderance.  *Id.* (citing *Valentine*, 574 F.3d
at 690).

The ALJ is responsible for determining credibility,
resolving conflicts in the medical evidence, and resolving
ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir.
2009).  The court must weigh all of the evidence whether it
supports or detracts from the Commissioner's decision.  *Ryan v.
Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even
when the evidence is susceptible to more than one rational
interpretation, the court must uphold the Commissioner's findings
if they are supported by inferences reasonably drawn from the
record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).
The court may not substitute its judgment for that of the
Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir.
2006).

## DISABILITY ANALYSIS

### I.    The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential
inquiry to determine whether a claimant is disabled within the
meaning of the Act.  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir.

2007).  *See also* 20 C.F.R. § 416.920.  Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  20 C.F.R. § 416.920(b).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. § 416.920(c).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of a number of listed impairments that the Commissioner acknowledges are so severe they preclude substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's Residual Functional Capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations.  20 C.F.R. § 416.945(a).  *See also* Social Security Ruling (SSR) 96-8p.  "A

6 - OPINION AND ORDER

'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past. 20 C.F.R. § 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. § 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 416.920(g)(1).

**ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since his May 31, 2011, application date.  Tr. 17.

At Step Two the ALJ found Plaintiff has the severe impairments of a cognitive disorder, PTSD, and a "personality disorder (histrionic)."  Tr. 17.

At Step Three the ALJ concluded Plaintiff's impairments do not meet or equal the criteria for any Listed Impairment from 20 C.F.R. part 404, subpart P, appendix 1.  The ALJ found Plaintiff has the RFC to perform a full range of work at all exertional levels "but with the following nonexertional limitations:  he can have no contact with the public.  He can have occasional contact with co-workers and supervisors.  He is limited to performing simple, repetitive tasks."  Tr. 20.

At Step Four the ALJ noted Plaintiff does not have any past relevant work experience.  Tr. 28.

At Step Five the ALJ found Plaintiff could perform jobs that exist in significant numbers in the national economy.  Tr. 28. Accordingly, the ALJ found Plaintiff is not disabled.


**DISCUSSION**

Plaintiff contends the ALJ erred when he (1) failed to consider Plaintiff's moderate limitations in concentration,

persistence, and pace in his evaluation of Plaintiff's RFC;
(2) failed to incorporate a limitation to one-to-two step
instructions into the assessment of Plaintiff's RFC;
(3) improperly gave "little weight" to the opinion of examining
psychologist Linda Fishman, Ph.D.; and (4) partially rejected
lay-witness statements.

I.   **The ALJ did not fail to consider properly Plaintiff's moderate limitations in concentration, persistence, and pace when formulating Plaintiff's RFC.**

Plaintiff contends the ALJ erred when he failed to consider
Plaintiff's moderate limitations in concentration, persistence,
and pace when formulating Plaintiff's RFC.  Specifically,
although the ALJ found Plaintiff has moderate limitations in
concentration, persistence, and pace, the ALJ purportedly failed
to account for those limitations in his assessment of Plaintiff's
RFC when he only limited Plaintiff to "simple, repetitive tasks."

"'[A]n ALJ's assessment of a claimant adequately captures
restrictions related to concentration, persistence, or pace
[when] the assessment is consistent with restrictions identified
in the medical [record].'"  *Bruesch v. Colvin*, 609 F. App'x 481,
481-82 (9th Cir. 2015)(quoting *Stubbs-Danielson v. Astrue*, 539
F.3d 1169, 1174 (9th Cir. 2008)).  The Ninth Circuit has held
moderate limitations in concentration, persistence, or pace are
adequately reflected in a restriction to simple work when a
medical opinion has translated that moderate restriction into a

more specific functional limitation. *Stubbs-Danielson*, 539 F.3d at 1174. *See also Sabin v. Astrue*, 337 F. App'x 617, 621 (9th Cir. 2009)("[T]he end result of [Plaintiff's] moderate difficulties as to [concentration, persistence, and pace] was that she could do simple and repetitive tasks on a consistent basis.").

Here reviewing psychologists Sandra Lundblad, Psy.D., and Kordell Kennemer, Psy.D., both noted Plaintiff is "not significantly limited" in his ability to remember and to carry out "short and simple" instructions and is moderately limited in his ability to remember and to carry out detailed instructions. Tr. 58, 71-72. Drs. Lundblad and Kennermer, therefore, translated Plaintiff's moderate restriction in concentration, persistence, and pace into more specific functional limitations. The ALJ gave the opinions of Drs. Lundblad and Kennemer "significant weight." Tr. 24.

On this record the Court finds the ALJ did not err at Step Three when he incorporated Plaintiff's limitations in concentration, persistence, and pace into a limitation to performance of "simple, repetitive tasks" because the ALJ provided specific reasons supported by substantial evidence in the record for doing so.

**II. The ALJ erred at Step Five when he failed to limit Plaintiff to jobs that require only one-to-two step instructions.**

Plaintiff contends the ALJ erred at Step Five when he failed

to limit Plaintiff to jobs that require only one-to-two step instructions.

Drs. Lundblad and Kennemer opined Plaintiff "is capable of remembering 1-2 step work-like procedures. [Plaintiff] is capable of performing more complex work tasks once familiar, but would have problems initially w/more detailed (3 or more steps) instructions." Tr. 58, 71. Drs. Lundblad and Kennemer also opined Plaintiff "is capable of maintaining CPP [concentration, persistence, and pace] on simple 1-2 step tasks." Tr. 58, 72. Although the ALJ assigned "significant weight" to the opinions of Drs. Lundblad and Kennemer, the ALJ, as noted, only limited Plaintiff to "simple, routine tasks" in his hypothetical to the VE. In addition, the ALJ found Plaintiff could perform other jobs in the national economy as a janitor, which is Reasoning Level 3, and laundry worker, which is Reasoning Level 2, both of which are incompatible with a claimant limited to one-to-two step tasks.

The Ninth Circuit has held the limitation to one-to-two step tasks is a greater functionality limitation than the ability to perform simple, routine tasks. *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1003 (9th Cir. 2015). In *Rounds* the Ninth Circuit also made clear that a limitation to "'simple' or 'repetitive' tasks" is consistent with Reasoning Level Two, but a limitation to "one-to-two step tasks" is only consistent with

11 - OPINION AND ORDER

Reasoning Level One.  *Id*. at 1004.  Accordingly, the ALJ erred when he gave significant weight to the opinions of Drs. Lundblad and Kennemer without sufficiently incorporating their conclusions as to Plaintiff's limitations in either his hypothetical to the VE or in his conclusion at Step Five that Plaintiff could perform other work that exists in the national economy.

The Court must, therefore, determine whether the ALJ's error is harmless.  "An error is harmless if it is 'inconsequential to the ultimate nondisability determination,' or 'if the agency's path may reasonably be discerned,' even if the agency 'explains its decision with less than ideal clarity.'"  *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)(quoting *Alaska Dep't of Evntl. Conservation v. Envtl. Prot. Agency*, 540 U.S. 461, 497 (2004), and *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)).

Plaintiff contends the ALJ's error is not harmless because the two jobs that the ALJ relied on to carry the Commissioner's burden at Step Five require a Specific Vocational Preparation (SVP) Level Two while a limitation to one-to-two step instructions is only consistent with SVP Level One.

"Specific Vocational Preparation is defined as the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker

situation."  U.S. Dep't of Labor, *Dictionary of Occupational Titles* App. C (4th ed. 1991).  SVP Level One requires "[s]hort demonstration only" while SVP Level Two consists of "[a]nything beyond short demonstration up to and including 1 month."  *Id.*

On this record the Court cannot conclude jobs that require SVP Level 2 are consistent with the opinions of Drs. Lundblad and Kennemer that Plaintiff is limited to understanding, to performing, or to maintaining concentration, persistence, and pace on "simple 1-2 step tasks."  Accordingly, the ALJ's failure to incorporate the opinions of Drs. Lundblad and Kennemer at Step Five is not harmless.

**III. The ALJ did not err when he gave "little weight" to the opinion of Dr. Fishman.**

Plaintiff contends the ALJ erred when he gave little weight to the October 17, 2013, opinion of Dr. Fishman, examining psychologist.

An ALJ may reject an examining physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record."  *Thomas v. Barnhart,* 278 F.3d 947, 957 (9th Cir. 2002)(quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).  When the medical opinion of an examining physician is uncontroverted, however, the ALJ must give "clear

and convincing reasons" for rejecting it.  *Thomas*, 278 F.3d at
957.  *See also Lester v. Chater*, 81 F.3d 821, 830-32.

A nonexamining physician is one who neither examines nor
treats the claimant.  *Lester*, 81 F.3d at 830.  "The opinion of a
nonexamining physician cannot by itself constitute substantial
evidence that justifies the rejection of the opinion of either an
examining physician or a treating physician."  *Id.* at 831.  When
a nonexamining physician's opinion contradicts an examining
physician's opinion and the ALJ gives greater weight to the
nonexamining physician's opinion, the ALJ must articulate his
reasons for doing so.  *See, e.g.*, *Morgan v. Comm'r of Soc. Sec.
Admin*, 169 F.3d 595, 600-01 (9th Cir. 1999).  A nonexamining
physician's opinion can constitute substantial evidence if it is
supported by other evidence in the record.  *Id.* at 600.

On October 3, 2013, Dr. Fishman conducted a psychological
evaluation of Plaintiff at the request of Plaintiff's counsel.
Dr. Fishman reviewed a number of Plaintiff's medical records and
administered several tests to Plaintiff.  On October 16, 2013,
Dr. Fishman issued a report in which she found in relevant part
that Plaintiff has "a severely impaired ability to engage in work
activities such as attending work regularly or working at a
competitive pace."  Tr. 690.  Dr. Fishman noted Plaintiff "has
difficulties understanding and remembering even simple
instructions, so [he] will have difficulty performing even simple

and repetitive tasks, without extended time for learning."
Tr. 692.  On October 17, 2013, Dr. Fishman completed a check-the-
box form in which she opined in relevant part that Plaintiff has
"moderately severe" impairment in his ability to understand, to
remember, and to carry out "short and simple (1 or 2-step)
instructions or tasks" and in his ability to "sustain an ordinary
routine without special supervision."  Tr. 677-78.  Dr. Fishman
opined Plaintiff has had his various conditions at his current
degree of severity since at least 2007.  Tr. 680.  The ALJ gave
little weight to Dr. Fishman's opinion on the grounds that the
opinion of examining psychologist Gary Sacks, Ph.D., was more
consistent with the "objective psychological evidence" and
Dr. Fishman's opinion was "without substantial support from other
evidence of record."  Tr. 25.

    Plaintiff asserts the ALJ's reasons for rejecting
Dr. Fishman's opinion are not legally sufficient because the
opinions of Dr. Fishman and Dr. Sacks are not "altogether
inconsistent."  For example, Dr. Sacks noted Plaintiff's scores
on the Wechsler Memory Test indicated "his ability to remember
and recall simple information appears grossly intact."  Tr. 336.
Dr. Fishman similarly found Plaintiff's memory for visual-verbal
associative memory was strong, but testing showed a deficit in
his ability to remember new auditory/verbal information at a
later time.  Tr. 336.  Nevertheless, there are differences in the

15 - OPINION AND ORDER

opinions of Dr. Sacks and Dr. Fishman.  In particular, Dr. Sacks did not assign a specific functional limitation to Plaintiff's processing speed, but Dr. Fishman opined Plaintiff's processing speed and ability is further compromised due to his other impairments of PTSD and Anxiety Disorder to the extent that Plaintiff would not be capable of sustaining even simple, routine tasks.  Dr. Sacks did not offer an opinion as to how Plaintiff's other impairments affect his concentration, persistence, and pace.

The ALJ noted in his opinion that Plaintiff told Dr. Fishman that he was unable to maintain employment as a result of events that occurred in early 2007.  The record, however, reflects Plaintiff was employed from 2007 to early 2011 when he voluntarily quit and returned to school.  Tr. 38-42.  Similarly, Plaintiff told Dr. Fishman that he was unable to work because of slow processing speed and his inability to maintain focus on simple tasks even for a brief time, but he also told Dr. Fishman that he spent his days reading, watching movies, and playing on-line games.  Tr. 685.  The ALJ also noted evidence in the record of Plaintiff's extreme exaggeration of his symptoms during other disability determination evaluations.  Tr. 336.  This evidence undermined the reliability of Plaintiff's statements to Dr. Fishman as well as Dr. Fishman's opinion.  In addition no other medical source opined Plaintiff was incapable of even

16 - OPINION AND ORDER

simple, repetitive 1-2 step tasks.

On this record the Court concludes the ALJ did not err when he gave little weight to Dr. Fishman's October 2013 opinion because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

**IV.  The ALJ did not err when he gave "some weight" to lay-witness statements.**

Plaintiff contends the ALJ erred when he gave only some weight to the statements of lay witnesses Julie Francis, Kendrick McDaniel, and Toni Lamb.

In July 2011 Plaintiff's mother, Julie Francis, completed a Third Party Adult Function Report in which she stated Plaintiff was unable to complete tasks or to go out in public.  Tr. 164-65.  Francis noted Plaintiff could pay attention for only six to ten seconds.  Tr. 169.

In October 2013 Kendrick McDaniel, Plaintiff's manager at Big 5 Sporting Goods where Plaintiff worked from 2007 to 2011, provided a statement in which he wrote Plaintiff was emotionally unstable while working, which resulted in difficulty communicating with customers and coworkers.  Tr. 209.  McDaniel reported Plaintiff stopped working because Plaintiff was moving to a new city and McDaniel "did not feel that transferring [Plaintiff] to another [Big 5 store] was possible . . . [because] the special attention and [unspecified] accommodations made for [Plaintiff] would not be made in another location."  Tr. 209.

17 - OPINION AND ORDER

In October 2013 Toni Lamb, Plaintiff's grandmother, wrote in a statement that Plaintiff was easily sidetracked and was, at best, able to complete only one task at a time.  Tr. 211.

Lay testimony regarding a claimant's symptoms is competent evidence that the ALJ must consider unless he "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so."  *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).  *See also Merrill ex rel. Merrill v. Apfel*, 224 F.3d 1083, 1085 (9th Cir. 2000)("[A]n ALJ, in determining a claimant's disability, must give full consideration to the testimony of friends and family members.").  The ALJ's reasons for rejecting lay-witness testimony must also be "specific." *Stout v. Comm'r*, 454 F.3d 1050, 1054 (9th Cir. 2006).

The ALJ gave "some weight" to these lay-witness statements on the ground that they are based to some extent on Plaintiff's representation of his impairments.  The ALJ, however, found Plaintiff's testimony was not credible, a finding that Plaintiff does not challenge.  The unreliability of a claimant's statements and testimony is a germane reason for discounting similar lay-witness statements. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009)(Because "the ALJ provided clear and convincing reasons for rejecting [the claimant's] own subjective complaints, and because [the lay-witness's] testimony was similar to such complaints, it follows that the ALJ also gave germane

reasons for rejecting [the lay-witness's] testimony.").

The Court concludes on this record that the ALJ did not err when he partially rejected the lay-witness statements because the ALJ provided specific reasons germane the witnesses for doing so.

## REMAND

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel,* 211 F.3d 172, 1178 (9th Cir. 2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Strauss v. Comm'r,* 635 F.3d 1135, 1138-39 (9th Cir. 2011)(quoting *Benecke v. Barnhart,* 379 F.3d 587, 593 (9th Cir. 2004)).

The Court concludes further administrative proceedings are necessary to resolve the conflict between the ALJ's conclusion that Plaintiff can perform other work that exists in the national economy and the opinions of Drs. Lundblad and Kennemer that Plaintiff is limited to only one-to-two step instructions.

Accordingly, on this record the Court concludes this matter must be remanded to the Commissioner for further administrative proceedings consistent with this Opinion and Order.

**CONCLUSION**

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 15th day of June, 2016.


                                        /s/ Anna J. Brown

                                        _____
                                        ANNA J. BROWN
                                        United States District Judge